# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**BODERICK GERARD CAGE,**

          **Plaintiff,**

v.                                   Case 2:14-02290-JDT-cgc

**SHELBY COUNTY,**

          **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Before the Court is Defendant Shelby County, Tennessee's Motion to Dismiss and/or Motion for Summary Judgment. (Docket Entry "D.E. #12").[1] For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss and/or Motion for Summary Judgment be GRANTED.

**I. Introduction**

On April 22, 2014, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (D.E. #1), alleging as follows:

> I was in my cell June 4, 2013 when I was attacked by my cell-mate and was seriously injured. After contacting my pod officer informing him that I was jumped on, he saw the cuts and scrapes. He did not separate us out. Put us back in the cell together

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

> where I was assaulted once again. Injuring my neck and back—plus head. I was sent to the Med and he was charged with assault. I even tried to get the officer Mr. Kyle Wilson to come here before the fight broke out and he didn't budge.

(Compl. § IV). Plaintiff states that he "wrote grievances and talked to Internal Affairs" about the incident but that no actions were taken. (Compl. § II). As relief, Plaintiff seeks damages for his medical bills and also to be compensated for Defendant's negligence, including "pain and suffering" and "punitive damages." He also requests that Officer Wilson be fired and that the "speaker box" or "intercom" be replaced in that cell "so someone can be contacted next time in case of an emergency." (Compl. § V).

Plaintiff was granted leave to proceed in forma pauperis on April 24, 2014, and the Court completed its screening pursuant to 28 U.S.C. § 1915 and issued an Order to Issue and Effect Service of Process on June 24, 2014. (D.E. #5). Summons was returned executed on July 10, 2014 as to Shelby County, Tennessee. (D.E. #8). On August 22, 2014, after receiving an extension to respond to Plaintiff's Complaint, Defendant filed the instant motion.

Local Rules 12.1(b) and 56.1(b) require a party opposing a motion to dismiss or motion for summary judgment to file a response within twenty-eight days after the motion is served. Plaintiff did not file a timely response. On September 26, 2014, the Court issued an Order to Show Cause directing Plaintiff to respond within fourteen days of the entry of that order as to why the Magistrate Judge should not recommend that Defendant's Motion to Dismiss and/or Motion for Summary Judgment be granted. (D.E. #13). The Magistrate Judge advised that "Plaintiff's failure to respond to this Order will be deemed good grounds for such a recommendation."

## II. Proposed Findings of Fact

Shelby County Divisions of Corrections' Inmate Handbook states that an inmate may not file

a grievance "more than 30 days after the event in question." (Affidavit of Tonya Beasley ("Beasley Aff.") at 2). Plaintiff never filed a grievance regarding any June 4, 2013 incident. (*Id*. at 3). Plaintiff did file a grievance regarding an incident on June 1, 2013, but he did not do so until October 14, 2013. (*Id*. at 2-3). The allegations relating to his October 14, 2013 grievance appear to be the same as those alleged in his Complaint, as they pertain to an assault in his cell by his cellmate, his notification to Officer Wilson of the assault, and the repeated assault by his cellmate. (*Id*. at Exh. 1).

### III. Proposed Analysis

#### A. *Motion to Dismiss for Failure to State a Claim*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

3

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To allege a Section 1983 claim, Plaintiff is required to plead, *inter alia*, that his injury was caused by an action taken pursuant to an official municipal policy, *Lanier v. Bryant*, 332 F.3d 999,

4

1007 (6th Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Srvs.*, 436 U.S. 658, 691 (1978)), as a municipality cannot be held liable under Section 1983 under a theory of respondeat superior, *Monell*, 436 U.S. at 691. Failure to so plead results in the dismissal of the Section 1983 claim. *Lanier*, 332 F.3d at 1007. In the instant case, Plaintiff has not alleged any policy of Shelby County, Tennessee that caused his alleged injuries. Accordingly, it is recommended that Plaintiff's Motion to Dismiss be GRANTED.

### B. *Motion for Summary Judgment*

Even assuming, *arguendo*, that Plaintiff's Complaint could survive Defendant's Rule 12(b)(6) Motion to Dismiss, which the Magistrate Judge recommends it cannot, Defendant asserts that summary judgment should be granted due to Plaintiff's failure to exhaust his administrative remedies. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997 *et seq.*, governs suits brought by inmates, which Plaintiff alleges he was as of the date of the alleged violations of his civil rights.[2] Section 1997e sets forth the applicability of administrative remedies as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). There is no genuine

---

[2] It appears from Plaintiff's Complaint that he has since been released from incarceration and, at the time of the filing of the Complaint, resided at a "Half Way House." (Compl. § II).

issue of material fact before the Court that grievances were to be filed by inmates of Shelby County Department of Corrections no more than thirty days after the incident and that Defendant failed to do so with respect to his claims arising on either June 1, 2013 or June 4, 2013. Accordingly, there is no genuine issue of material fact as to whether Plaintiff failed to exhaust his administrative remedies as required by the PLRA. Accordingly, it is further recommended that Defendant's Motion for Summary Judgment be granted.

## V. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss and/or Motion for Summary Judgment be GRANTED.

**DATED** this 16th day of October, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**