IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


BODERICK GERARD CAGE,                )
                                     )
        Plaintiff,                   )
                                     )
VS.                                  )          No. 14-2290-JDT-cgc
                                     )
SHELBY COUNTY, TENNESSEE,            )
                                     )
        Defendant.                   )

_____

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

_____

        On April 22, 2014, Plaintiff Boderick Gerard Cage, a resident of Memphis, Tennessee,

filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for

leave to proceed *in forma pauperis*.  (ECF Nos. 1 & 2.)  United States Magistrate Judge

Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis* (ECF No.

4) and ordered that process be issued for the Defendant, Shelby County (ECF No. 5).

Defendant filed a motion to dismiss on August 22, 2014.  (ECF No. 12.)

        Plaintiff did not respond to Defendant's motion to dismiss, and on September 26,

2014, Magistrate Judge Claxton ordered Plaintiff to show cause, within 14 days, why the

motion should not be granted.  (ECF No. 13.)  Plaintiff also did not respond to the order to

show cause; therefore, on October 15, 2014, the Magistrate Judge issued a Report and

Recommendation in which she recommended the motion to dismiss be granted. (ECF No. 14.) Objections to the Report and Recommendation were due within 14 days. However, Plaintiff has filed no objections.

In the complaint, Plaintiff alleged that he was assaulted and seriously injured by his cellmate in June 2013, while he was incarcerated at the Shelby County Correctional Center. Although Plaintiff notified the pod officer of the assault and his injuries, he and his cellmate were put back in the cell together. Plaintiff then was assaulted a second time, resulting in injuries to his neck, back, and head. He was taken to the hospital, and his cellmate was charged with assault. (ECF No. 1 at 2.)

Magistrate Judge Claxton has recommended that Defendant's motion to dismiss be granted pursuant to 42 U.S.C. § 1997e(a) on the grounds that Plaintiff failed to exhaust his administrative remedies. Having reviewed the complaint and the law, the Court agrees with that recommendation. The issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the R&R and hereby GRANTS the Defendant's motion to dismiss.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without

further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant Defendant's motion to dismiss for failure to exhaust administrative remedies also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.